UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

Case No.  9:14-cv-81057-CIV-DIMITROULEAS

| | |
|---|---|
| UNITED UNION OF ROOFERS, WATERPROOFERS & ALLIED WORKERS LOCAL UNION NO. 8, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| OCWEN FINANCIAL CORPORATION, RONALD M. FARIS, JOHN V. BRITTI and WILLIAM C. ERBEY. | ) ) ) ) |
| Defendants. | ) ) ) |

CLASS ACTION

Case No.  9:14-cv-81064-CIV-DIMITROULEAS-SNOW

| | |
|---|---|
| NORBERT TUSEO, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| OCWEN FINANCIAL CORPORATION, RONALD M. FARIS, JOHN V. BRITTI and WILLIAM C. ERBEY. | ) ) ) ) |
| Defendants. | ) ) ) ) ) |

CLASS ACTION

[ADDITIONAL CAPTION ON NEXT PAGE]

**REPLY BRIEF OF THE UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION**

1

Case No.  9:14-cv-81076-CIV-DIMITROULEAS-SNOW

| | |
|---|---|
| GARY FRECHTER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>OCWEN FINANCIAL CORPORATION, RONALD M. FARIS, JOHN V. BRITTI and WILLIAM C. ERBEY.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CLASS ACTION |

Lead Plaintiff Movant, the University of Puerto Rico Retirement System ("UPR"), respectfully submits this Reply Memorandum in further support of its motion for appointment as lead plaintiff and in opposition to the competing motion filed by Sjunde AP-Fonden ("AP7").

## ARGUMENT

**A.  AP7 Is Not Entitled to the Presumption of Favor of the "Most Adequate Plaintiff."  AP7 Has Failed to Demonstrate that it is Typical or Adequate.**

AP7 fails to invoke the presumption in favor of the most adequate plaintiff.  To invoke the presumption, AP7 needs to show that it "satisfies the requirements of Rule 23 of Federal Rules of Civil Procedure," including that it its claims are typical of absent class members and that it is adequate to represent the Class.  *See, e.g.,* Fed. R. Civ. P. 23(a)(3) and (4).  It is only *after* AP7 makes a *prima facie* showing of typicality and adequacy that the burden would shift to UPR to rebut the presumption in favor of AP7.  In the absence of establishing that *prima facie* showing, UPR need not establish "proof" that UPR is not typical or adequate.

Here, AP7 fails to make that *prima facie* showing.  In fact, its 20 page brief and expert declaration dedicated to the issue of standing establishes just the opposite – that it is not typical

2

or adequate and that the issue of standing is likely to be vigorously litigated and distract from the litigation.  AP7's opposition papers accentuate that issues of standing will be determined in a battle of Swedish law experts.[1]  *See, e.g., Lang v. Tower Group Int'l Ltd.,* No. 13 Civ. 6181, 2014 U.S. Dist. LEXIS 86496, at *14 (S.D.N.Y. June 17, 2004) (holding that the lead plaintiff movant had failed to make the *prima facie* showing that the "manner in which a potential lead plaintiff acquired shares" ["at least 35% of their shares through a private transaction"] … [is] sufficient to undermine the [movant's] presumption as the most adequate plaintiff …."  *See also* cases cited in UPR's main opposition memorandum ("Main Opp. Mem." ECF No. 33), dated October 24, 2014, at 7-9, where sufficient questions were raised as to a lead plaintiff's atypicality or adequacy to justify appointing a second co-lead plaintiff.

      In fact, three separate U.S. District Courts have questioned AP7's standing to serve as lead plaintiff.  *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 189 (S.D.N.Y. 2011) (rejecting AP7's application for lead plaintiff and noting that arguments against AP7's standing would subject "it to a unique defense and may prejudice the class."); *Baydale v. Am. Express Co.*, No. 09 Civ. 3016, 2009 U.S. Dist. LEXIS 71668, at *9 (S.D.N.Y. Aug. 14, 2009) (rejecting application for lead plaintiff, ruling that the Swedish money manager's "status raises complex and novel issues of law which would require extensive factual and foreign legal analysis" which would cause "a diversion" and an unnecessary "litigation sideshow.").  In *La. Mun. Police Employees' Ret. Sys. v. Green Mt. Roasters, Inc.*, No. 2:11-cv-289, 2012 U.S. Dist. LEXIS 89192, at *9-10 (D. Vt. Apr. 27, 2012), the District Court expressed

---

[1]  As an indication of the nuances that the court would need consider, AP7's foreign law expert, Ander Mansson, basis his opinion in part on what appears to be legislative history under the Swedish Investment Funds Act.  *See* ECF No. 36-3 at 6 ("the right for the fund company to represent the unitholders before a court of law is mentioned in the preparatory works.  *See* Proposition 2002/03:150, page 279").

concern with AP7's standing, but appointed it lead plaintiff nonetheless because its remaining co-movants in any event would have had the largest losses among the lead plaintiff movants:

> Unlike in those cases [*Bank of America* and *American* Express], however, GIIG would still surpass Midwest in each of the *Lax* categories even without AP7, with $2 MM in total losses. As a result, questions concerning AP7's standing do not impact GIIG's qualifications to lead the class.

In contrast, no court has sustained AP7's standing arguments on a litigated motion. AP7 points to only two cases (other than *Green Mt.*), where it has been appointed lead plaintiff. *In re JPMorgan Chase & Co. Sec. Litig.*, No. 12-cv-3852, Dkt. No. 29 (S.D.N.Y. Aug. 21, 2012) (Exhibit A to the Supplemental Declaration of James D. Sallah in Support of the Motion of Sjunde AP-Fonden for Appointment as Lead Plaintiff) (the "Sallah Supp. Decl.") (ECF No. 36-1), and *Monk v. Johnson & Johnson, et al.*, No. 10-cv-4841, Dkt. No. 7 (D.N.J. Dec. 6, 2010), Exhibit B to the Sallah Supp. Decl (ECF No. 36-2). However, in *JP Morgan*, AP7 joined with other lead plaintiff movants who independently (*i.e.*, without AP7) had the largest losses among lead plaintiff movants. In *Johnson & Johnson*, no lead plaintiff movant questioned AP7's standing and the issue was not addressed by the Court.

B.     **Disputes Over Standing May Severely Prejudice the Class**

Disputes with respect to standing are particularly troubling because they may affect whether the statute of limitations may be tolled under *Am. Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 553 (1974), during the pendency of the litigation. *See Steamfitters Local 449 Pension Fund v. Central European Distribution Corp.*, No. 11-6247, 2012 U.S. Dist. LEXIS 118693, at *30 (D.N.J. Aug. 22, 2012) ("There is no greater impediment to a Plaintiff's ability to prosecute a case than a lack of standing. The issue of standing raises constitutional concerns which are no less critical merely because a case involves a class of plaintiffs.") (internal quotations and citations omitted).

4

Significantly, AP7 does not dispute that in the Eleventh Circuit, in the event the class is not certified, *American Pipe* may not apply and a subsequent effort by a new plaintiff to certify the class could be time barred.  *See* UPR Main Opp. Mem. at 6.

## **CONCLUSION**

Having a sole lead plaintiff that is a Swedish instrumentality, when UPR has unquestioned standing and is ready, willing and able to act as a lead plaintiff, places unreasonable risk on the future success of this litigation.  Prudence warrants the appointment of a lead plaintiff with clear standing to lead the Class.[2]

**WOLF POPPER LP**
By: */s/ Joshua W. Ruthizer*
Joshua W. Ruthizer
Florida Bar No. 92528
Email:  jruthizer@wolfpopper.com
845 Third Avenue
New York, NY 10022
Tel:  (212) 759-4600
Fax:  (212) 486-2093

**OF COUNSEL:**
Robert C. Finkel
Email:  rfinkel@wolfpopper.com
Fei-Lu Qian
Email:  fqian@wolfpopper.com
WOLF POPPER LLP
845 Third Avenue
New York, NY 10022
Tel:  (212) 759-4600
Fax:  (212) 486-2093

***Proposed Lead Counsel for Movant University of Puerto Rico Retirement System***

---

[2] The Ironworkers Group are not entitled to the presumption that it is the "most adequate plaintiff" because they sold all of their shares prior to the end of the Class Period and the further revelations on October 21 and 22, 2014.  *See* Main Opp. Mem. at 2, fn. 2.  *See also Eichenholtz v. Verifone Holdings, Inc.,* No. C 07-06140 MHP, 2008 U.S. Dist. LEXIS 64633, at *11 (N.D. Cal. Aug. 22, 2008).

5

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by the following methods on the following dates on all counsel or parties of record on the Service List below.

*/s/ Joshua W. Ruthizer*
Joshua W. Ruthizer

# SERVICE LIST

By and through the Southern District of Florida's CM/ECF system on **October 27, 2014** upon:

| | |
|---|---|
| Counsel for Plaintiff United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8<br><br>Joseph E. White, III<br>Lester Hooker<br>Saxena White, P.A.<br>2424 N. Federal Highway, Suite 257<br>Boca Raton, FL 33431<br>Tel: 561-394-3399<br>Fax: 561-394-3382<br>jwhite@saxenawhite.com<br>lhooker@saxenawhite.com | Counsel for Movant New Jersey Building Laborers Pension Fund<br><br>Emily Komlossy<br>c/o Komlossy Law, P.A.<br>2131 Hollywood Blvd., Suite 408<br>Hollywood, FL 33020<br>Tel: 954-842-2021<br>Fax: 954-416-6223<br>eck@komlossylaw.com |
| Counsel For Defendants, Ocwen Financial Corporation, Ronald M. Faris, John V. Britti, William C. Erbey<br><br>John P. Coffey<br>Jason M. Moff<br>Kramer Levin Naflalis & Frankel, LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Tel: 212-715-9456<br>scoffey@kramerlevin.com<br>jmoff@kramerlevin.com<br><br>Jeffrey Allan Hirsch<br>Greenberg Traurig<br>401 E. Las Olas Boulevard, Suite 200<br>Fort Lauderdale, FL 33301 | Counsel for Movants City of Hollywood Employees' Retirement System and Bucks County Employees Retirement Fund<br><br>Paul J. Geller<br>Jack Reise<br>Douglas Wilens<br>Robbins Geller Rudman & Dowd LLP<br>120 East Palmetto Park Road, Suite 500<br>Boca Raton, FL 33432<br>Tel: 561-750-3000<br>Fax: 561-750-3364<br>pgeller@rgrdlaw.com<br>jreise@rgrdlaw.com<br>dwilens@rgrdlaw.com |

2

| | |
|---|---|
| Tel: 954-765-0500<br>Fax: 954-765-1477<br>hirschj@gtlaw.com | |
| Counsel for Movants Ironworkers Locals 40, 361 & 417- Union Security Funds and Iron Workers Local 580 – Joint Funds<br><br>Jayne A. Goldstein<br>Pomerantz LLP<br>1792 Bell Tower Lane, Suite 203<br>Weston, Florida 33326<br>Tel: 954-315-3454<br>Fax: 954-315-3455<br>jagoldstein@pomlaw.com | Counsel for Movant Robert Moncavage<br><br>Laurence M. Rosen<br>The Rosen Law Firm, P.A.<br>275 Madison Avenue, 34th Floor<br>New York, NY 10016<br>Tel: 212-686-1060<br>Fax: 212-202-3827<br>lrosen@rosenlegal.com |
| Counsel for Movant Sjunde AP-Fonden<br><br>James D. Sallah<br>Sallah Astarita & Cox, LLC<br>2255 Glades Road, #300e<br>Boca Raton, FL<br>Tel: 561-989-9080<br>Fax: 561-989-9020<br>jds@sallahlaw.com | Counsel for Movant UFCW Local 1500 Pension Fund<br><br>Herman J. Russomanno III<br>Russomanno & Borrello, P.A.<br>150 West Flagler Street<br>Miami, FL 33130<br>Tel: 305-373-2101<br>Fax: 305-373-2103<br>Herman2@russomanno.com |