UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

|  |  |  |
|---|---|---|
| | ) | |
| In re Ocwen Financial Corporation | ) | Case 14-81057 CIV-WPD |
| Securities Litigation | ) | |
| | ) | |

**DEFENDANTS' MOTION FOR A PROTECTIVE ORDER LIMITING LEAD
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
AND INCORPORATED SUPPORTING MEMORANDUM OF LAW**

**GREENBERG TRAURIG, P.A.**

Jeffrey Allan Hirsch, Esq.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida  33301
Telephone: (954) 765-0500
Facsimile:  (954) 765-1477
Florida Bar No. 199850
Email: hirschj@GTLAW.com

**KRAMER LEVIN NAFTALIS &
FRANKEL LLP**

John P. Coffey, Esq.
Jonathan M. Wagner, Esq.
Jason M. Moff, Esq.
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Email: scoffey@kramerlevin.com

*Counsel for Defendants*

KL3 3066607.7

Table of Contents

Page

INTRODUCTION ...................................................................................................................1

PROCEDURAL BACKGROUND...........................................................................................3

ARGUMENT...........................................................................................................................6

A.     Plaintiff's Requests for Documents Concerning Ocwen's Regulatory Compliance, Hubzu, And The Purported Backdating Issue Are Not Relevant ........................................6

B.     Each Request in Plaintiff's First Set of Requests Seeks Documents Beyond the Scope of Discoverable Material.........................................................................................10

CONCLUSION......................................................................................................................15

Pursuant to Fed. R. Civ. P. 26(c) and Local Rule 26.1(g)(3), Defendants Ocwen Financial Corporation ("Ocwen"), William C. Erbey, and Ronald M. Faris respectfully move for a protective order and submit this memorandum in support of their motion. For the reasons set forth below, the Court should strike Plaintiff's First Set of Requests for Production of Documents ("Requests") to the extent the Requests seek documents concerning issues beyond the scope of the allegations and claim that survived the Court's (i) September 4, 2015 Order Granting Motion to Dismiss [D.E. 70 ("September 4 Order")], and (ii) December 22, 2015 Order Granting in Part and Denying in Part Motion to Dismiss [D.E. 81 ("December 22 Order")].

## INTRODUCTION

As briefly summarized in the recently-filed Joint Discovery Report [D.E. 85-1], the parties have a fundamental disagreement about what issues remain in this case – and thus what discovery may be appropriate. Given the Court's clear and comprehensive analysis in the September 4 and December 22 Orders, Defendants believe that the sole factual issue to be litigated concerning Ocwen's disclosures regarding Mr. Erbey's recusal from transactions with related companies (the "Related Party Transaction Statements"). Accordingly, discovery is appropriately targeted to those statements and not to the myriad other claims and alleged misstatements that have been dismissed with prejudice by the Court.

Plaintiff has a different view. It argues that there is a second, entirely distinct area as to which additional discovery – indeed, extraordinarily broad discovery – is now somehow fair game. Plaintiff contends that because the Court determined that the Third Amended Complaint ("TAC") sufficiently alleged scienter on Mr. Erbey's part with regard to *one* set of alleged misstatements, namely the Related Party Transaction Statements, the Court implicitly found adequate allegations of scienter as to an entirely *different* alleged misstatement having nothing to do with recusal, namely, a December 2013 statement that Ocwen serviced a particular

1

subset of its then-portfolio in compliance with applicable standards – a statement that was not made by Mr. Erbey but rather by an Ocwen officer not even named as a Defendant and as to whom no allegations of scienter appear in the TAC.

As explained below, Plaintiff's "two for one" gambit concerning scienter cannot be squared with the plain language of (a) the December 22 Order and (b) the September 4 Order, which the Court incorporated into its December 22 Order to the extent not contravened in that later order. Moreover, Plaintiff's argument rests on the ill-founded premise that the Court somehow ignored its obligation under the PSLRA to analyze each alleged statement individually to ascertain whether *every* element of Section 10(b) was satisfied by the allegations in the TAC *as to that statement*. To the contrary, the Court expressly laid out that test in each Order (*see* D.E. 64, at 5 (quoting the statement-specific criteria); D.E. 81, at 3 (same)), conducted that very analysis in the September 4 Order, and in the December 22 Order revisited its earlier analysis to the extent required by new allegations in the TAC.

The Court determined in the September 4 Order that Plaintiff had failed to allege scienter as to any Defendant regardless of whether falsity had been satisfied. (D.E. 64, at 17-23). In analyzing the scienter allegations of the TAC in the December 22 Order, the Court determined that it was appropriate to make one—and only one—exception to its prior finding that Plaintiff's scienter allegations were deficient. That exception was tied specifically to the Court's conclusion that as to the Related Party Transaction Statements, the TAC contained sufficient allegations to infer that Mr. Erbey "had knowledge" that he had approved related party transactions. (D.E. 81 at 7-8 (citing the test for scienter that the Court had set out in the September 4 Order at 19)). The Court identified no other exception to the September 4 Order regarding lack of scienter.

- 2 -

For these reasons and as explained more fully below, the Court should grant Defendants' motion for a protective order and strike Plaintiff's First Set of Requests to the extent the requests seek documents that do not concern Mr. Erbey's purported approvals of related party transactions – the only allegations that survived Defendants' motion to dismiss.

## PROCEDURAL BACKGROUND

The September 4 Order Concludes That Plaintiff Failed to Allege Scienter

On September 4, 2015, this Court granted Defendants' motion to dismiss Plaintiff's Consolidated Amended Complaint ("CAC"), without prejudice for Plaintiff to replead. [D.E. 70]. The CAC had alleged that Ocwen made misstatements to the investing public concerning: (i) Mr. Erbey's purported failure to recuse himself from related party transactions; (ii) Ocwen's purported failure to comply with regulatory obligations; and (iii) rates Ocwen paid for certain mortgage-related services. In dismissing the CAC in its totality, the Court held that none of these alleged misstatements satisfied the falsity requirement of Rule 10b-5. (D.E. 70, at 6-17, 23). As to the recusal-related statements, the Court held that the CAC did not identify any related party transaction from which Mr. Erbey failed to recuse himself. (*Id.* at 14). As to the statements concerning regulatory compliance, the Court held that those statements were puffery, mere opinions, or non-actionable under *Santa Fe Indus., Inc. v. Green*, 430 U.S. 462 (1977). (*Id.* at 7-12, 15). And with respect to the statements concerning market rates, the Court held that the CAC's sole alleged instance of above-market charges—Hubzu's "differential in rates"—was not untrue based on explanations of the fees in publicly disclosed materials. (*Id.* at 13).

While the Court's finding that Plaintiff had failed to allege any actionable misstatement was alone sufficient basis to dismiss the CAC, the Court went on to analyze whether Plaintiff had satisfied its pleading obligations with regard to the element of scienter. The Court concluded that Plaintiff had failed to do so: "Regardless of the falsity of the alleged

statements, the [CAC] is deficient because Plaintiff has failed to adequately allege scienter as to any of the Defendants." (*Id.* at 18).  Notably, the Court observed that "[w]hile . . . Erbey would have knowledge of his approval of related party transactions if he personally approved them," the CAC did not identify any related party transaction from which Mr. Erbey failed to recuse himself.  (*Id.* at 19).  The Court also rejected Plaintiff's other scienter allegations, including its allegation that the magnitude of the purported "backdating" issue was evidence of scienter.  (*Id.* at 20).

The December 22 Order Identifies a Single Exception to Its Prior Scienter Finding

On September 25, 2015, Plaintiff filed a Consolidated Second Amended Class Action Complaint.  [D.E. 71].  Shortly thereafter the SEC issued its October 5, 2015 consent order with Home Loan Servicing Solutions, Ltd. (the "SEC HLSS Order"); Defendants consented to Plaintiff's request to amend its pleading a third time, and the TAC was filed on October 13, 2015.  [D.E. 74].

The TAC re-pleaded—with one addition—the same alleged statements and omissions that the Court previously found insufficient to satisfy 10b-5's falsity requirement.  The new alleged statement, asserted in ¶77(d) of the TAC, stated in part that "Ocwen services mortgages in compliance with [OCC Consent Orders and National Mortgage Settlement] standards as applicable."  (The TAC did not allege that this statement was made by Defendant Erbey; indeed, the statement was made by Ocwen executive Andrew Wein.  (*See* Excerpts from Ocwen's Form 8-K, filed on Dec. 3, 2013 (Coffey Ex. A[1]), at Cover Slide & Slide 8)).

Defendants moved to dismiss the TAC.  On December 22, 2015, the Court granted in part and denied in part Defendants' motion.  At the outset, the Court stated that "[t]o

---

[1] Exhibits to the Coffey Declaration in Support of this Motion for a Protective Order, dated February 26, 2016 are cited herein as "Coffey Ex. ___."

the extent it is not contravened by [the December 22 Order], the Court incorporates the [September 4] Dismissal Order as applicable." (D.E. 81, at 2). In its analysis of the falsity and scienter elements, the Court cited back to its prior dismissal rulings (*see* D.E. 81 at 5 (re falsity), 7 (re scienter)), and then addressed that which the Court considered to be allegations in the TAC as to which a different conclusion was warranted.

As to falsity, the Court concluded that there were two exceptions to its prior dismissal order. First, the Court found that the TAC's new alleged misstatement concerning Ocwen's compliance with OCC Consent Orders and the National Mortgage Settlement (TAC ¶77(d)) was an affirmative statement that met 10b-5's pleading requirement for falsity. (D.E. 81, at 6). Second, and citing transactions referred to in the SEC HLSS Order, the Court held that alleged misstatements concerning Mr. Erbey's approvals of related party transactions satisfied the 10b-5 falsity requirement. (*Id.*, at 6-7).

Turning next to the scienter element, the Court reiterated that "[i]n the [September 4] Dismissal Order, the Court found that Plaintiff failed to adequately plead scienter." (D.E. 81, at 7). The Court then carved out one exception to that prior ruling, finding that the TAC adequately alleged Mr. Erbey's scienter as to statements concerning approvals of related party transactions. (*Id.*, at 7-8). The December 22 Order's scienter analysis contains no other determination contravening the September 4 Order's finding as to lack of scienter.

Plaintiff's Requests Seek Discovery Not Remotely Relevant to the Recusal Issue

The parties held their Rule 26(f) conference and met and conferred on February 8, 17, 19 and 23, 2016 to negotiate the recently-filed Joint Discovery Report [D.E. 85-1] and Joint Scheduling Report [D.E. 85]. During those meetings, Plaintiff contended that because the Court had found scienter adequately pleaded as to Mr. Erbey for the Related Party Transaction Statements the Court had somehow found scienter as to *all* of the misstatements alleged in the

- 5 -

TAC.  (*See* Joint Discovery Report [D.E. 85-1], at 3-4).  In line with that posture, and while the parties were conferring, Plaintiff served Defendants with its First Set of Requests for the Production of Documents on February 16, 2016 (Coffey Ex. B), seeking a large volume of documents concerning regulatory compliance, Hubzu, Ocwen's alleged backdating of borrower letters, and other topics unrelated to Mr. Erbey's alleged non-recusals.  Specifically, Plaintiff's Requests seek (i) all documents and communications produced to, or received from, the SEC in connection with the June 12, 2014, November 20, 2014, and any other subpoenas served by the SEC (Request No. 1); (ii) all documents and communications concerning the 2012 DFS Consent Order, and the February 26, 2014, April 21, 2014, August 4, 2014, and October 21, 2014 letters from DFS to Ocwen (Request Nos. 2-6); (iii) all periodic reports Ocwen submitted to the Nation Mortgage Settlement Monitor and the DFS Monitor (Request Nos. 7-9); and (iv) all documents or communications concerning any other inquiry, investigation, or litigation, whether domestic or foreign, conducted or commenced by any civil, administrative, criminal, governmental, or regulatory body, whether formal or informal, that relate to Ocwen's compliance with any mortgage servicing practices.   (Request No. 8).

During the meet-and-confer teleconferences, the parties were unable to resolve their differences as to Plaintiff's pending and contemplated discovery requests concerning the scope of the claims and allegations that survived the Court's two dismissal orders and the scope of discoverable material.

## ARGUMENT

### A.    Plaintiff's Requests for Documents Concerning Ocwen's Regulatory Compliance, Hubzu, And The Purported Backdating Issue Are Not Relevant

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).  Under this rule, "claims and defenses provide discovery's outer bounds." *Steel Erectors, Inc. v. AIM Steel Int'l, Inc.*, 2016 WL 53881, at *3 n.4 (S.D. Ga. Jan 4, 2016).  Without these bounds, "parties [would] run down a rabbit hole chasing irrelevant information on collateral matters, resulting in the needless and wasteful expenditure of time and money by the parties." *O'Boyle v. Sweetapple*, 2016 WL 492655, at *5 (S.D. Fla. Feb 8, 2016) (quashing subpoena under recently amended Rule 26(a)).

Plaintiff's Requests seek documents well beyond the scope of the claims and allegations surviving the Court's September 4 and December 22 Orders.  Specifically, Plaintiff seeks documents concerning statements about Ocwen's regulatory compliance, Hubzu, and the alleged "backdating" issue, even though the only statements still at issue in the case are those concerning Mr. Erbey's purported approvals of related party transactions.

In the September 4 Order (at 18), incorporated by reference into the December 22 Order to the extent not contravened by the latter (December 22 Order at 2), the Court had held that "[r]egardless of the falsity of the alleged statements, the Complaint is deficient because Plaintiff has failed to adequately allege scienter as to any of the Defendants."  In carving out the sole exception to its prior scienter holding, the December 22 Order alluded to the test it thought appropriate on the recusal issue—that prior finding (*See* December 22 Order at 7-8 (holding that Mr. Erbey would have knowledge as to whether he had approved related party transactions))— and then specified the sole instance that contravened it, finding scienter sufficiently pled only as to the statements concerning Mr. Erbey's approval of related party transactions.  (December 22 Order, at 7-8).  The scienter analysis in the December 22 Order contains no other exception contravening the Court's September 4 Order regarding scienter.

The Orders were not the first time that this Court has held that a defendant may have scienter as to some alleged misstatements but not others.  In *Schultz v. Applica Inc.*, 488 F.

- 7 -

Supp. 2d 1219, 1224-28 (S.D. Fla. 2010) (Dimitrouleas, J.), the Court found that plaintiff had sufficiently alleged defendants' scienter as to statements concerning improper revenue recognition, but not concerning inventory write-down.   And in *Marrari v. Medical Staffing Network Holdings, Inc.*, 395 F. Supp. 2d 1169 (S.D. Fla. 2005) (Dimitrouleas, J.), the Court found that the plaintiff had properly pled defendants' scienter as to statements made after the launch of defendant's 2003 budget process, but not as to statements made before the process had been launched.  *See also*, *e.g.*, *In re 21st Century Holding Co. Sec. Litig.*, No. 07-61057-CIV, 2008 WL 5749572, at *16-17 (S.D. Fla. Nov. 7, 2008) (finding scienter as to misstatements concerning defendant's loss strengthening program, but not as to misstatements concerning reinsurance costs, rate structure, and third-party assessments).

Here, too, the Court has ruled that Plaintiff properly pled Mr. Erbey's scienter as to one set of statements—those concerning approvals of related party transactions.  As to all other alleged misstatements, the Court found those scienter allegations lacking.  (September 4 Order, at 17-23, *incorporated into* December 22 Order, at 2, 7).

Plaintiff notes that in the December 22 Order the Court found that the one new statement concerning regulatory compliance—made by Andrew Wein of Ocwen—satisfied the falsity requirement.  [D.E. 81, at 6].  But the Court did not find the TAC's allegations of scienter as to **this** statement sufficient to merit a finding contravening the September 4 Order.

To advance its argument in the Joint Discovery Report, Plaintiff selectively quotes the December 22 Order, omitting the very language (highlighted below) that linked the scienter finding to the Related Party Transaction Statements:

> In the Dismissal Order, the Court found that Plaintiff failed to adequately plead scienter.  The Court finds that the TAC, in contrast, sufficiently alleges scienter as to Defendant Erbey.  ***With respect to related party transactions, as the Court explained in the [earlier] Dismissal Order, "Erbey would have knowledge of his approval of related party***

- 8 -

> ***transactions if he personally approved them . . . .****"* As Erbey had substantial control over Ocwen's activities, his scienter is imputed to Ocwen. *See Miller v. Dyadic Int'l Inc.*, 2008 WL 5070279, at *8 (S.D. Fla. Nov. 20, 2008).

(Joint Discovery Report at 2-3). By omitting the highlighted language, Plaintiff seeks to leave the incorrect impression that, contrary to the statement-by-statement dictates of the PSLRA, the Court somehow found a species of generalized scienter that could be applied to whichever misstatement alleged by Plaintiff.

Plaintiff's position that Mr. Erbey had scienter with respect to the new regulatory compliance statement is also inconsistent with the Court's finding that Mr. Faris had no scienter for any statement. (D.E. 81, at 8). Had the Court intended to impute scienter to Mr. Erbey for a statement made by someone else—Mr. Wein—due to Mr. Erbey's status as an alleged control person of Ocwen, then the Court also would have imputed scienter for that statement to Mr. Faris, another alleged control person at Ocwen. But the Court held that Plaintiff's scienter allegations against Mr. Faris were insufficient, including as to the statement made by Mr. Wein. Plaintiff's position that scienter has been imputed to Mr. Erbey for Mr. Wein's statement is incompatible with the Court's holding, declining to impute scienter to Mr. Faris for the same statement.

Finally, Plaintiff has taken the position in its Joint Discovery Report (at 3) that "the myriad compliance issues" in the Complaint are discoverable because they were "part and parcel" of investigations pertaining to Mr. Erbey's alleged non-recusal from related party transactions. This position is inconsistent with the requirement under Fed. R. Civ. P. 26(b)(1) that discoverable material must be "relevant to any party's claim or defense and proportional to the needs of the case . . . ." The alleged misstatements concerning regulatory compliance, Hubzu and the purported backdating issue did not survive the Court's September 4 and December 22

Orders, and therefore documents concerning that issue are not relevant to Plaintiff's remaining claims, regardless of whether they were "part and parcel" of other investigations.  To allow AP7 to take discovery concerning claims that the Court has twice dismissed would be burdensome and unfair, and collides squarely with Rule 26's proportionality requirement, allowing discovery to spin out of control.

**B.**      **Each Request in Plaintiff's First Set of Requests Seeks Documents Beyond the Scope of Discoverable Material.**

Pursuant to Local Rule 26.1(g)(3), Defendants here offer verbatim the specific items of discovery requested for electronic production in Plaintiff's First Set of Requests for Production of Documents and the reasons supporting protection:

> ***Request No. 1.*** *All documents and communications concerning the SEC Cease-and-Desist Order, including, but not limited to:*
> *(a) all documents and communications produced to, or received from, the SEC in connection with:*
>> *(i) the subpoena Ocwen received from the SEC on June 12, 2014 and disclosed in Ocwen's FY14 Form 10 K at page 12;*
>> *(ii) the subpoena received from the SEC on November 20, 2014 and disclosed in Ocwen's FY14 Form 10-K at page 12;*
>> *(iii) any Wells Notice sent to [Ocwen], and any responses thereto; and*
>> *(iv) any other subpoenas received from the SEC not identified above.*
>
> *(b) all transcripts or summaries of, or any notes describing, any depositions or interviews conducted by the SEC in connection with its investigation into the matters set forth in the SEC Cease-and-Desist Order.*
>
> ***Response to Request No. 1.*** For the reasons stated in this Memorandum, Defendants object to the scope of this request to the extent it seeks documents concerning the alleged misstatements involving Mr. Erbey's purported non-recusal from transactions alleged in the Complaint, *i.e.*, the statements alleged in TAC ¶¶ 8, 84-86, 111.  For example, the SEC made findings in its cease-and-desist order that were unrelated to Mr. Erbey's recusals and not alleged in the TAC.  Defendants additionally object to this request on the grounds that it is vague, overly broad, unduly burdensome; seeks documents not material or necessary to the prosecution or defense of this action; seeks privileged materials; and seeks materials not otherwise subject to discovery under the Federal Rules of Civil Procedure.  Finally, Defendants object to the production of metadata fields

- 10 -

to the extent the production of those fields would be inconsistent with the mode in which these documents were previously produced to the SEC.

*Request No. 2. All documents and communications concerning the 2012 NYDFS Consent Order, including but not limited to, all documents and communications produced to, or received from, the NYDFS, and all transcripts or summaries of, or any notes describing, all depositions or interviews conducted in connection with the 20112 NYDFS Consent Order.*

*Response to Request No. 2.* For the reasons stated in this Memorandum, Defendants object to this request because it seeks documents concerning matters other than the alleged misstatements involving Mr. Erbey's purported non-recusal from transactions alleged in the TAC, *i.e.*, the statements alleged in TAC ¶¶ 8, 84-86, 111. Indeed, the NYDFS Consent Order made numerous findings completely unrelated to Mr. Erbey's recusals, and many of the matters raised in the Consent Order were contained as allegations in the CAC and TAC and dismissed with prejudice by the Court. Defendants additionally object to this request on the grounds that it is vague, overly broad, unduly burdensome; seeks documents not material or necessary to the prosecution or defense of this action; seeks privileged materials; and seeks materials not otherwise subject to discovery under the Federal Rules of Civil Procedure. Finally, Defendants object to the production of metadata fields to the extent the production of those fields would be inconsistent with the mode in which these documents were previously produced to NYDFS.

*Request No. 3. All documents and communications concerning the NYDFS February 26, 2014 Letter, including, but not limited to, all documents and communications produced to, or received from, the NYDFS, and all transcripts or summaries of, or any notes describing, all depositions or interviews conducted by the NYDFS, in connection with the requests for documents and information set forth in the NYDFS February 26, 2014 Letter.*

*Response to Request No. 3.* For the reasons stated in this Memorandum, Defendants object to the scope of this request to the extent it seeks documents concerning matters other than the alleged misstatements involving Mr. Erbey's purported non-recusal from transactions alleged in the TAC, *i.e.*, the statements alleged in TAC ¶¶ 8, 84-86, 111. Indeed, in the February 26, 2014 Letter the NYDFS made allegations completely unrelated to Mr. Erbey's recusals, and many of the matters raised in the Consent Order were contained as allegations in the CAC and TAC and dismissed with prejudice by the Court. Defendants additionally object to this request on the grounds that it is vague, overly broad, unduly burdensome; seeks documents not material or necessary to the prosecution

- 11 -

or defense of this action; seeks privileged materials; and seeks materials not otherwise subject to discovery under the Federal Rules of Civil Procedure. Finally, Defendants object to the production of metadata fields to the extent the production of those fields would be inconsistent with the mode in which these documents were previously produced to NYDFS.

*Request No. 4. All documents and communications concerning the NYDFS April 21, 2014 Letter, including, but not limited to, all documents and communications produced to, or received from, the NYDFS, and all transcripts or summaries of, or any notes describing, all depositions or interviews conducted by the NYDFS, in connection with the requests for documents and information set forth in the NYDFS April 21, 2014 Letter.*

*Response to Request No. 4.* For the reasons stated in this Memorandum, Defendants object to the scope of this request to the extent it seeks documents concerning matters other than the alleged misstatements involving Mr. Erbey's purported non-recusal from transactions alleged in the TAC, *i.e.*, the statements alleged in TAC ¶¶ 8, 84-86, 111. Indeed, in the April 21, 2014 Letter the NYDFS made allegations related the Hubzu and completely unrelated to Mr. Erbey's recusals, and many of the matters raised in the Consent Order were contained as allegations in the CAC and TAC and dismissed with prejudice by the Court. Defendants additionally object to this request on the grounds that it is vague, overly broad, unduly burdensome; seeks documents not material or necessary to the prosecution or defense of this action; seeks privileged materials; and seeks materials not otherwise subject to discovery under the Federal Rules of Civil Procedure. Finally, Defendants object to the production of metadata fields to the extent the production of those fields would be inconsistent with the mode in which these documents were previously produced to NYDFS.

*Request No. 5. All documents and communications concerning the NYDFS August 4, 2014 Letter, including, but not limited to, all documents and communications produced to, or received from, the NYDFS, and all transcripts or summaries of, or any notes describing, all depositions or interviews conducted by the NYDFS, in connection with the requests for documents and information set forth in the NYDFS August 4, 2014 Letter.*

*Response to Request No. 5.* For the reasons stated in this Memorandum, Defendants object to the scope of this request to the extent it seeks documents concerning matters other than the alleged misstatements involving Mr. Erbey's purported non-recusal from transactions alleged in the TAC, *i.e.*, the statements alleged in TAC. ¶¶ 8, 84-86, 111. Indeed, in the August 4, 2014 Letter the NYDFS made allegations completely unrelated to Mr. Erbey's recusals, and many of the matters raised in the Consent Order were contained as allegations in the CAC and TAC and dismissed with prejudice by the Court. Defendants additionally object to

- 12 -

this request on the grounds that it is vague, overly broad, unduly burdensome; seeks documents not material or necessary to the prosecution or defense of this action; seeks privileged materials; and seeks materials not otherwise subject to discovery under the Federal Rules of Civil Procedure.  Finally, Defendants object to the production of metadata fields to the extent the production of those fields would be inconsistent with the mode in which these documents were previously produced to NYDFS.

***Request No. 6.*** *All documents and communications concerning the NYDFS October 21, 2014 Letter, including, but not limited to, all documents and communications produced to, or received from, the NYDFS, and all transcripts or summaries of, or any notes describing, all depositions or interviews conducted by the NYDFS, in connection with the requests for documents and information set forth in the NYDFS October 21, 2014 Letter.*

***Response to Request No. 6.***  For the reasons stated in this Memorandum, Defendants object to this request because it seeks documents concerning matters other than the alleged misstatements involving Mr. Erbey's purported non-recusal from transactions alleged in the TAC, *i.e.*, the statements alleged in TAC ¶¶ 8, 84-86, 111.  Indeed, in the October 21, 2014 Letter the NYDFS made allegations related to Ocwen's purported "backdating" of certain borrower communications and completely unrelated to Mr. Erbey's recusals, and many of the matters raised in the Consent Order were contained as allegations in the CAC and TAC and dismissed with prejudice by the Court. Defendants additionally object to this request on the grounds that it is vague, overly broad, unduly burdensome; seeks documents not material or necessary to the prosecution or defense of this action; seeks privileged materials; and seeks materials not otherwise subject to discovery under the Federal Rules of Civil Procedure.  Finally, Defendants object to the production of metadata fields to the extent the production of those fields would be inconsistent with the mode in which these documents were previously produced to NYDFS.

***Request No. 7.*** *All documents and communications concerning any Government Inquiry not identified in Requests Nos. 1 through 6 above that relate to Ocwen's compliance with, including its disclosures concerning compliance with, Mortgage Servicing Standards, including any transcripts or summaries of, or any notes describing, all depositions or interviews conducted in connection with any such Government Inquiry.*

***Response to Request No. 7.***  For the reasons stated in this Memorandum, Defendants object to this request because it seeks documents concerning matters other than the alleged misstatements involving Mr. Erbey's purported non-recusal from transactions alleged in the TAC, *i.e.*, the statements alleged in TAC ¶¶ 8, 84-86, 111.  Defendants additionally

object to this request on the grounds that it is vague, overly broad, unduly burdensome; seeks documents not material or necessary to the prosecution or defense of this action; seeks privileged materials; and seeks materials not otherwise subject to discovery under the Federal Rules of Civil Procedure.  Finally, Defendants object to the production of metadata fields to the extent the production of those fields would be inconsistent with the mode in which these documents were previously produced in the respective Government Inquiry.

*Request No. 8. All periodic reports that Ocwen submitted to the NMS Monitor concerning Ocwen's compliance with the NMS and/or CFPB Consent Judgment.*

*Response to Request No. 8.*  For the reasons stated in this Memorandum, Defendants object to this request because it seeks documents concerning matters other than the alleged misstatements involving Mr. Erbey's purported non-recusal from transactions alleged in the TAC, *i.e.*, the statements alleged in TAC ¶¶ 8, 84-86, 111.  Defendants additionally object to this request on the grounds that it is vague, overly broad, unduly burdensome; seeks documents not material or necessary to the prosecution or defense of this action; seeks privileged materials; and seeks materials not otherwise subject to discovery under the Federal Rules of Civil Procedure.  Finally, Defendants object to the production of metadata fields to the extent the production of those fields would be inconsistent with the mode in which these documents were previously produced to the NMS Monitor.

*Request No. 9. All periodic reports that Ocwen submitted to the NYDFS monitor concerning Ocwen's compliance with the 2012 NYDFS Consent Order.*

*Response to Request No. 9.*  For the reasons stated in this Memorandum, Defendants object to this request because it seeks documents concerning matters other than the alleged misstatements involving Mr. Erbey's purported non-recusal from transactions alleged in the TAC, *i.e.*, the statements alleged in TAC ¶¶ 8, 84-86, 111.  Defendants additionally object to this request on the grounds that it is vague, overly broad, unduly burdensome; seeks documents not material or necessary to the prosecution or defense of this action; seeks privileged materials; and seeks materials not otherwise subject to discovery under the Federal Rules of Civil Procedure.  Finally, Defendants object to the production of metadata fields to the extent the production of those fields would be inconsistent with the mode in which these documents were previously produced to NYDFS.

- 14 -

## CONCLUSION

For the reasons stated above, the Court should strike Plaintiff's First Set of Requests for Production of Documents to the extent the Requests seek documents beyond the scope of the allegations in the Consolidated Third Amended Class Action Complaint concerning the approvals of related party transactions.

## CERTIFICATION OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 7.1(a)(3), Defendants hereby certify that they have conferred with counsel for Lead Plaintiff in this action and that counsel for Lead Plaintiff have stated that they object to the relief concerning the scope of discovery requested herein.

Dated:    February 26, 2016

GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida  33301
Telephone:    (954) 765-0500
Facsimile:     (954) 765-1477

*/s/ Jeffrey Allan Hirsch*
JEFFREY ALLAN HIRSCH
Florida Bar No. 199850
Email: hirschj@GTLAW.com

-and-

KRAMER LEVIN NAFTALIS & FRANKEL LLP |
1177 Avenue of the Americas
New York, New York 10036
Telephone: 212-715-9100
Facsimile: 212-715-8456

*/s/ John P. Coffey*
John P. Coffey
Jonathan M. Wagner
Jason M. Moff

*Attorneys for Defendants*

- 15 -

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 26th day of February, 2016, I served the foregoing on

all counsel of record identified on the attached Service List **via CM/ECF.**

> *s/ Jeffrey Allan Hirsch*
> JEFFREY ALLAN HIRSCH

## SERVICE LIST

### IN RE OCWEN FINANCIAL CORPORATION SECURITIES LITIGATION
### Case 14-81057 CIV-WPD

---

***Lead Counsel for Lead Plaintiff AP7 and the Class***
David Kessler (admitted *pro hac vice*)
Lee Rudy (admitted *pro hac vice*)
Sharan Nirmul (admitted *pro hac vice*)
Richard A. Russo, Jr. (admitted *pro hac vice*)
Michelle M. Newcomer (admitted *pro hac vice*)
Meredith L. Lambert (admitted *pro hac vice*)
KESSLER TOPAZ
MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706
Facsimile: 610-667-7056
Email:  dkessler@ktmc.com;
lrudy@ktmc.com
snirmul@ktmc.com; rrusso@ktmc.com
mnewcomer@ktmc.com;
mlambert@ktmc.com

***Counsel for New Jersey Building Laborers Pension Fund***
Emily Cornelia Komlossy, Esquire
KOMLOSSY LAW, P.A.
2131 Hollywood Boulevard
Suite 408
Hollywood, FL 33020
Telephone: 954-842-2021
Facsimile: 954-416-6223

***Lead Counsel for Lead Plaintiff AP7 and the Class***
Joshua A. Katz, Esquire
SALLAH AST ARITA & COX, LLC
2255 Glades Road, Suite 300E
Boca Raton, Florida 33431
Telephone: 561-989-9080
Facsimile: 561-989-9020
Email: jak@sallahlaw.com

***Counsel for all Defendants***
Jeffrey Allan Hirsch, Esquire
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida  33301
Telephone: 954-765-0500
Facsimile: 954-765-1477
Email: hirschj@GTLAW.com

John P. Coffey, Esquire
Jonathan M. Wagner, Esquire
Jason M. Moff, Esquire
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: 212-715-9100
Facsimile: 212-715-8456
Email: scoffey@kramerlevin.com
Email: jwagner@kramerlevin.com
Email: jmoff@kramerlevin.com

***Counsel for Plaintiffs United Union of Roofers Waterproofers & Allied Works Local Union No. 8***

Joseph E. White , III, Esquire
Lester Rene Hooker, Esquire
SAXENA WHITE, P.A.
Boca Center
5200 Town Center Circle
Suite 601
Boca Raton, FL 33486
Telephone:  561-394-3399
Facsimile: 561-394-3382
Email: jwhite@saxenawhite.com and
lhooker@saxenawhite.com