UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

---

IN RE OCWEN FINANCIAL CORPORATION
SECURITIES LITIGATION

CASE NO. 14-81057-CIV-DIMITROULEAS/Snow

---

BROADWAY GATE MASTER FUND, LTD.,
PENNANT MASTER FUND LP, and
PENNANT WINDWARD MASTER FUND, LP,

CASE NO. 16-80056-CIV-DIMITROULEAS/Snow

v.

OCWEN FINANCIAL CORPORATION,

    Defendant.

---

## ORDER

THIS CAUSE is before the Court on Ocwen's Expedited Motion to Require Coordination of Depositions (ECF No. 171 in 14-81057) and (ECF NO. 47 in 16-80056) which were referred to Lurana S. Snow, United States Magistrate Judge. The motions are ripe for consideration.

Ocwen filed the instant identical motion in these related cases, one of which is being prosecuted by Class Action Plaintiffs, and the other by opt-out Plaintiffs (the Pennant Plaintiffs). Although the issues in the cases are not exactly the same, and they are at different procedural postures, the parties have agreed to attempt to coordinate depositions of witnesses common to both in a commendable effort to minimize burden for the witnesses and cost to Ocwen.[1]

The parties are unable however, to agree as to the length of the depositions and the allocation of the on-the-record time between the Class Action Plaintiffs and the Pennant Plaintiffs. Ocwen proposes that absent a showing of good cause, each witnesses deposition, with the exception

---

[1] This agreement excepts William Erbey, Ronald Farris and John Britti, each of whom Ocwen acknowledges are likely to require multiple days.

of Erbey, Faris and Britti, should be no longer than seven hours with the Class Action Plaintiffs examining the witness for no longer than five and one half hours and the Pennant Plaintiffs examining the witness no longer than one and one half hours. The Class Action Plaintiffs propose that they be provided six hours of on the record time for witnesses Daniel Tucci, Hilary Freeburg and Steward Fink, and seven hours of on the record time for Lisa Gess, Benjamin Purser, Edward Watson and S.P. Ravi, each of whom the Class Action Plaintiffs assert are critically important to their claims.[2] The Pennant Plaintiff propose that for each class action deposition that they attend they be permitted one and one half hours of on the record time, and the Class Action Plaintiffs be permitted six and one half hours.

The undersigned notes that the Rules do not require the Plaintiffs in these separate cases to cede the seven hours permitted by Fed.R.Civ.P. 30(d)(1) for the deposition of each witness. Upon consideration of the arguments of the parties, the Court concludes that the Class Action Plaintiffs' proposal is a fair compromise as it takes into consideration the relative importance of the anticipated testimony of each witness. Being fully advised, it is hereby

ORDERED AND ADJUDGED as follows:

1. Ocwen's Expedited Motion to Require Coordination of Depositions (ECF No. 171 in 14-81057) and (ECF NO. 47 in 16-80056) is GRANTED, in part.

2. The Class Action Plaintiff in In re Ocwen Financial Corporation Securities Litigation, 14-81057-CIV-Dimitrouleas (the "Class Action") and the Pennant Plaintiffs in Broadway

---

[2] According to the Class Action Plaintiffs, Ms. Gess and Mr. Purser were Ocwen's Chief Compliance Officer and Vice President of Compliance. These witnesses were responsible for establishing Ocwen's compliance policies, procedures and controls, and for assessing Ocwen's compliance with its regulatory obligations. Mr. Purser also is the executive who learned of the letter backdating scandal. Mr. Watson was tasked with testing Ocwen's compliance and with reporting the findings to the NMS Monitor. Mr. Ravi was Chief Risk Officer of both Ocwen and Altisource and his testimony will be critical to the related party claims. Additionally, Ms. Gess, Mr. Purser and Mr. Watson, each live more than 100 miles from Fort Lauderdale, which means that the depositions will constitute the Class's only opportunity to obtain trial testimony from them.

<u>Gate Master Fund, Ltd. v. Ocwen Financial Corporation</u>, 16-80056-CIV-Dimitrouleas, shall coordinate single depositions of the witnesses common to the Class Action and the Pennant Action;

3. Absent a showing of good cause, Lisa Gess, Benjamin Purser, Edward Watson and S.P. Ravi shall each be deposed for no longer than a total of eight and one half (8.5) hours of on the record time, with the Class Action Plaintiffs examining each witness for no longer than seven hours of on the record time and the Pennant Plaintiffs examining each witness for no longer than on and one half (1.5) hours of on the record time.

4. Absent a showing of good cause, all other witnesses, excluding William Erbey, Ronald Farris and John Britti, shall each be deposed for no longer than a total of seven and one half (7.5 hours) of on the record time, with the Class Action Plaintiffs examining each witness for no longer than six (6) hours of on the record time, and the Pennant Plaintiffs examining each witness for no longer than one and one half (1.5) hours of on the record time.

5. The parties shall, on or before February 10, 2017, submit for entry by the Court their Stipulation Governing the Coordination of Depositions, which more fully memorializes the terms that they otherwise agreed to, modified to reflect this ruling concerning the length of depositions and on the record time to be allocated between the Plaintiffs.

DONE AND ORDERED at Fort Lauderdale, Florida, this 7th day of February, 2017.

*[signature]*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record and Pro Se Parties