UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE OCWEN FINANCIAL CORPORATION SECURITIES LITIGATION | Civil Action No. 14-cv-81057-WPD |
| BROADWAY GATE MASTER FUND, LTD., PENNANT MASTER FUND LP, and PENNANT WINDWARD MASTER FUND, LP, <br><br> Plaintiffs, <br><br> v. <br><br> OCWEN FINANCIAL CORPORATION, WILLIAM ERBEY, RONALD FARIS, MICHAEL BOURQUE, and JOHN BRITTI, <br><br> Defendants. | Civil Action No. 16-cv-80056-WPD |

STIPULATION AND [PROPOSED] ORDER
GOVERNING COORDINATION OF DEPOSITIONS

This matter comes before the Court by stipulation of the parties to the above-captioned actions.

WHEREAS, Plaintiffs and Class Representatives SJUNDE AP-FONDEN and JAY THREN (the "Class Action Plaintiffs") in the action *In re Ocwen Financial Corporation Securities Litigation*, Civil Action No. 14-cv-81057-WPD, have brought suit individually and on behalf of a certified class of plaintiffs against Defendants OCWEN FINANCIAL CORPORATION, WILLIAM ERBEY and RONALD FARIS (the "Class Action Defendants") for violations of the federal securities laws (the "Class Action");

WHEREAS, Plaintiffs BROADWAY GATE MASTER FUND, LTD., PENNANT MASTER FUND LP and PENNANT WINDWARD MASTER FUND, LP (the "Pennant Plaintiffs") in the action *Broadway Gate Master Fund, Ltd., et al. v. Ocwen Financial*

*Corporation, et al.*, Civil Action No. 16-cv-80056-WPD, have brought suit against the Class Action Defendants and Defendants MICHAEL BOURQUE and JOHN BRITTI (collectively with the Class Action Defendants, the "Pennant Defendants") for violations of the federal securities laws and the common law (the "Pennant Action");

WHEREAS, on September 21, 2016, the parties to the Pennant Action filed with the Court their Joint Discovery Plan, in which they agreed that they would "endeavor to coordinate with" the Class Action Plaintiff "concerning the scheduling and taking of depositions of witnesses common to both actions, where such coordination is reasonable and will not be prejudicial to the prosecution or defense of" the Pennant Action;

WHEREAS, the parties to the Pennant Action and the parties to the Class Action have met and conferred concerning the scheduling and taking of depositions of witnesses common to both actions, and have agreed to the terms and conditions set forth herein;

WHEREAS, on January 30, 2017, Defendants filed an Expedited Motion to Require Coordination of Depositions, which Motion was granted in part by the Court by Order dated February 7, 2017;

NOW, THEREFORE, having found that the parties, by between and among their respective counsel, have stipulated and agreed to the terms set forth herein, and good cause having been shown,

IT IS hereby ORDERED that:

1. The Pennant Defendants will provide the Pennant Plaintiffs with prompt notice (via e-mail to the undersigned counsel for the Pennant Plaintiffs) of the date, time and location of any fact witness depositions (except the depositions of the Class Action Plaintiffs) scheduled in the Class Action (a "Class Action Deposition").

2. Commencing on February 1, 2017, except with respect to the Class Action Deposition of Defendant Ocwen Financial Corporation, for witnesses who the Pennant Plaintiffs intend to depose in the Pennant Action, the Pennant Plaintiffs will make a reasonable, good faith effort to attend such witness's Class Action Deposition.

3. With the exception of the depositions of William Erbey, Ronald Faris, and John Britti (during which the Pennant Plaintiffs shall be afforded no less than two (2) hours of on-the-record time to examine the witness during the Class Action Deposition in addition to the seven (7) hours afforded to the Class Action Plaintiffs), if the Pennant Plaintiffs attend a Class Action Deposition, the Pennant Plaintiffs shall be afforded no less than one and a half (1.5) hours of on-the-record time to examine the witness during the Class Action Deposition. For the avoidance of doubt, this one and a half hours of examination is in addition to the seven (7) hours of on-the-record time afforded to the Class Action Plaintiffs to examine Lisa Gess, Benjamin Purser, Edward Watson, and S.P. Ravi, and the six (6) hours of on-the-record time afforded to the Class Action Plaintiffs to examine all other witnesses (except for Erbey, Faris and Britti). The Class Action Plaintiffs shall conduct their examinations of all witnesses under the Class Action caption and the Pennant Action caption, and the Pennant Plaintiffs shall conduct their examinations of all witnesses under the Pennant Action caption only. The Pennant Plaintiffs may order the transcript of any Class Action Deposition they attend in the ordinary course. Deposition testimony procured during the examination of any witness under this paragraph by the Pennant Plaintiffs, or redirect by any Defendant following such examination, shall not be admissible against the Class Action Plaintiffs for any purpose.

4. For Class Action Depositions attended by the Pennant Plaintiffs, the Pennant Plaintiffs reserve the right to recall, if such recall is reasonable and in good faith, such witnesses so that the Pennant Plaintiffs may address subjects or issues that were not covered at all by Class Action Plaintiff's counsel or that can reasonably be viewed not to have been adequately covered by Class Action Plaintiffs' counsel, so long as either:

    a. the Pennant Plaintiffs did not have a reasonable amount of time to discover documents in the Pennant Defendants' document production which they reasonably and in good faith believe to be important to the witness's testimony; or

    b. the one and a half (1.5) or two (2) hours, as applicable, allocated to the Pennant Plaintiffs during the Class Action Deposition to ask questions was insufficient to cover that subject or issue during the class deposition.

    In addition, the need to recall the witness must be consistent with Rule 26(b)(1) of the Federal Rules of Civil Procedure. The reference to Rule 26(b)(1) in this provision is not, however, intended to render Rule 26(b)(1) inapplicable to any other provisions of this agreement.

5. The Pennant Defendants will provide the Pennant Plaintiffs with copies of the transcripts (and the exhibits thereto) of any and all Class Action Depositions that the Pennant Plaintiffs did not or do not attend. This condition applies to fact witnesses deposed in the Class Action at any time (except the depositions of the Class Action Plaintiffs). For fact witnesses deposed prior to entry of this Order and for whom the Pennant Defendants have already obtained a deposition transcript, the Pennant Defendants will provide the Pennant Plaintiffs with such transcripts within seven (7) days after the entry of this Order. For all other witnesses, the Pennant Defendants

will provide the Pennant Plaintiffs with a copy of a particular witness's Class Action Deposition transcript within seven (7) days of receipt of that witness's final deposition transcript from the court reporter.

6. The Pennant Plaintiffs shall have the right to depose in full in the Pennant Action any fact witness deposed in the Class Action prior to February 1, 2017. Moreover, the Pennant Plaintiffs shall have the right to examine Defendant Ocwen Financial Corporation in the Pennant Action pursuant to the procedures prescribed by Rule 30(b)(6) of the Federal Rules of Civil Procedure, notwithstanding that the Class Action Plaintiff has deposed Defendant Ocwen Financial Corporation in the Class Action, although the Pennant Plaintiffs will make reasonable, good faith efforts to avoid repeating topics of questioning pursued by the Class Action Plaintiffs during the Class Action Deposition of Ocwen. The Pennant Plaintiffs' attendance at the Class Action Deposition of John Britti – who was deposed as a corporate representative of Defendant Ocwen Financial Corporation in the Class Action on February 2-3, 2017, during which the Pennant Plaintiffs were afforded two hours to depose Defendant Britti in his individual capacity – does not in any way limit the Pennant Plaintiffs' right to separately examine Defendant Ocwen Financial Corporation in the Pennant Action pursuant to the procedures prescribed by Rule 30(b)(6) of the Federal Rules of Civil Procedure for seven (7) hours of on-the-record time. In deposing Defendant Ocwen Financial Corporation in the Pennant Action, the Pennant Plaintiffs will make reasonable, good faith efforts to avoid repeating topics of questioning pursued by the Class Action Plaintiffs during the Class Action Deposition of Defendant Ocwen Financial Corporation.

7. The Pennant Plaintiffs will be limited to taking fifteen (15) depositions in the Pennant Action, and Class Action Depositions that Pennant Plaintiffs attend pursuant to paragraph 3 above shall count against the 15 (fifteen) depositions that the parties agree Pennant Plaintiffs may take.[1] Class Action Depositions that the Pennant Plaintiffs, consistent with their obligations in paragraph 2 above, do not attend (and for which the Pennant Plaintiffs only receive a transcript with exhibits) do not count against this fifteen deposition limit. Furthermore, the Pennant Plaintiffs' recall of Class Action Deposition witnesses pursuant to Paragraph 4 above does not count against this fifteen deposition limit.

8. In order for the Pennant Plaintiffs to attend Class Action Depositions and to receive transcripts and exhibits of Class Action Depositions, the Class Action Plaintiffs and the Class Action Defendants hereby agree that personnel of the Pennant Plaintiffs and/or Pennant Capital Management, LLC, counsel of record in the Pennant Action (as well as personnel working under such counsel's supervision), and experts and non-attorney consultants retained by or on behalf of the Pennant Plaintiffs are hereby designated as "Qualifying Persons" under Paragraph 4(b) of the Stipulated Protective

---

[1] It is the Pennant Plaintiffs' position that the fifteen deposition limit applies only to fact witnesses. It is the Pennant Defendants' position, on the other hand, that the fifteen deposition limit applies to both fact and expert witnesses. Because this dispute is not yet ripe for resolution by the Court, the parties agree to raise it with the Court at the appropriate time, if necessary, and reserve all rights with respect thereto.

       Order approved and adopted by the Court in the Class Action on March 8, 2016. Such persons are not required to sign the Agreement to Be Bound attached as Exhibit A to such Stipulated Protective Order.

9. The Class Action Defendants will provide the Class Action Plaintiffs with copies of the transcripts (and the exhibits thereto) of any and all fact witnesses (except the Pennant Plaintiffs or any individuals affiliated with the Pennant Plaintiffs) deposed in the Pennant Action (a "Pennant Action Deposition") within three (3) days of receipt of the same from the court reporter.

10. In order for the Class Action Plaintiffs to receive transcripts of Pennant Action Depositions (and the exhibits thereto), the Pennant Plaintiffs and the Pennant Defendants agree that the personnel of the Class Action Plaintiffs, counsel of record in the Class Action (as well as personnel working under such counsel's supervision), and experts and non-attorney consultants retained by or on behalf of the Class Action Plaintiffs are hereby designated as "Qualifying Persons" under Paragraph 4(b) of the Stipulated Protective Order approved and adopted by the Court in the Pennant Action on December 1, 2016. Such persons are not required to sign the Agreement to Be Bound attached as Exhibit A to such Stipulated Protective Order.

11. This Stipulation and Order is for the purposes of coordinating the scheduling and taking of depositions of fact witnesses common to both the Class Action and the Pennant Action. Nothing herein shall have the effect of consolidating the proceedings in the Class Action and the Pennant Action.

Dated: February 10, 2017

| | |
|---|---|
| **GENOVESE JOBLOVE & BATTISTA** | **GREENBERG TRAURIG LLP** |
| 200 East Broward Boulevard, Suite 1110 | 401 E. Las Olas Boulevard, Suite 2000 |
| Fort Lauderdale, FL 33301 | Fort Lauderdale, FL 33301 |
| Tel. 954.453.8022 | Tel. 954.765.0500 |
| | |
| By:   /s/ *Robert F. Elgidely* | By:   /s/ *Jeffrey Allan Hirsch* |
|     Robert F. Elgidely |     Jeffrey Allan Hirsch |
|     Florida Bar No. 11856 |     Florida Bar No. 199850 |
|     relgidely@gjb-law.com |     hirschj@gtlaw.com |
| | |
| **LOWENSTEIN SANDLER LLP** | **KRAMER LEVIN NAFTALIS & FRANKEL LLP** |
| Lawrence M. Rolnick (*pro hac vice*) | John P. Coffey (*pro hac vice*) |
| Marc B. Kramer (*pro hac vice*) | Jonathan M. Wagner (*pro hac vice*) |
| Thomas E. Redburn, Jr. (*pro hac vice*) | Jason M. Moff (*pro hac vice*) |
| Michael J. Hampson (*pro hac vice*) | 1177 Avenue of the Americas |
| 1251 Avenue of the Americas | New York, NY 10036 |
| New York, NY 10020 | Tel. 212.715.9100 |
| Tel. 212.262.6700 | |
| | |
| *Attorneys for the Pennant Plaintiffs* | *Attorneys for all Defendants* |

**SALLAH ASTARITA & COX, LLC**
2255 Glades Road
Suite 300E
Boca Raton, Florida 33431
Telephone: (561) 989-9080
Facsimile: (561) 989-9020

By:    /s/ *Joshua A. Katz*
Joshua A. Katz
Florida Bar No. 848301

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
David Kessler (*pro hac vice*)
Lee Rudy (*pro hac vice*)
Sharan Nirmul (*pro hac vice*)
Richard A. Russo, Jr. (*pro hac vice*)
Michelle M. Newcomer *(pro hac vice)*
Meredith L. Lambert (*pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706

*Attorneys for the Class Action Plaintiffs and Class*

**SO ORDERED.**

Dated: _____, 2017     _____
                                              Hon. Lurana P. Snow, U.S.M.J.