UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 14-CIV-81057-WPD**

IN RE OCWEN FINANCIAL CORPORATION
SECURITIES LITIGATION

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE; ADMINISTRATIVELY CLOSING CASE

WHEREAS, a securities class action is pending in this Court entitled *In re Ocwen Financial Corporation Securities Litigation*, Case No. 14-CIV-81057-WPD (the "Action");

WHEREAS, by Order dated November 17, 2016, the Court certified the Action to proceed as a class action on behalf of the following class of investors: all persons and entities who purchased or otherwise acquired Ocwen Financial Corporation ("Ocwen") common stock from May 2, 2013 through December 19, 2014, inclusive, and were damaged thereby (the "Class");[1]

WHEREAS, pursuant to the Court's Order dated November 28, 2016, the Notice of Pendency of Class Action ("Notice of Pendency") was mailed to potential members of the Class to notify them of, among other things: (i) the Action pending against defendants Ocwen, William C. Erbey and Ronald M. Faris (collectively, "Defendants"); (ii) the Court's certification of the Action to proceed as a class action on behalf of the Court-certified Class; and (iii) their right to request to be excluded from the Class, the effect of remaining in the Class or requesting

---

[1] Excluded from the Class are: Defendants and members of Defendants' immediate families (as defined in 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and (1)(b)(ii)), any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has or had a controlling interest, or which is related or affiliated with any Defendant, and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. Also excluded from the Class are the persons and entities who previously requested exclusion in connection with the Notice of Pendency of Class Action as set forth on Appendix 1 hereto.

1

exclusion, and the requirements for requesting exclusion; and twenty-three requests for exclusion were received pursuant to the Notice of Pendency;

WHEREAS, (a) Lead Plaintiff Sjunde AP-Fonden and additional named plaintiff Jay E. Thren (together, "Class Representatives"), on behalf of themselves and the Court-certified Class, and (b) Defendants (together, with Class Representatives, the "Parties") have determined to settle all claims asserted in the Action with prejudice on the terms and conditions set forth in the Stipulation of Settlement dated August 16, 2017 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Class Representatives have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing dissemination of notice of the Settlement to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Class Representatives' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **<u>Preliminary Approval of the Settlement</u>**:  The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Class, subject to further consideration at the Final Approval Hearing to be conducted as described below.

2. **<u>Final Approval Hearing</u>**:  The Court will hold a settlement hearing (the "Final Approval Hearing") on **December 22**, **2017** at 10:30 a.m. in Courtroom 205B of the U.S. Federal

Building and Courthouse, 299 East Boulevard, Fort Lauderdale, Florida 33301, for the following purposes:

(a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be approved by the Court;

(b) to determine whether (i) the terms and conditions of, and the procedures for, the proposed issuance of the Settlement Shares, and any Additional Settlement Shares, as part of the Settlement Amount are fair, both substantively and procedurally, to those to whom such shares will be issued, and (ii) the deposit, distribution, and any sale of the Settlement Shares, and any Additional Settlement Shares, is subject to exemption from registration under Section 3(a)(10) of the Securities Act of 1933 ("Securities Act"), as amended;

(c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants;

(d) to determine whether the proposed Plan of Allocation is fair and reasonable and should be approved;

(e) to determine whether Class Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses, including Class Representatives' request for reimbursement of costs and expenses in connection with their representation of the Class, should be approved; and

(f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

3. The Court recognizes and acknowledges that if Ocwen elects to contribute Settlement Shares to fund the Settlement Amount, a determination of fairness at the Final

3

Approval Hearing will include the findings necessary to exempt the distribution of Ocwen common stock by Ocwen from registration pursuant to Section 3(a)(10) of the Securities Act, 15 U.S.C. Section 77(c)(a)(10), and that the Settlement Shares, and any Additional Settlement Shares, will be transferred into an account with the Escrow Agent upon final approval of the Settlement by this Court, without registration and compliance with the prospectus delivery requirements of the securities laws.

4. Notice of the Settlement and the Final Approval Hearing shall be given to Class Members as set forth in ¶ 6 of this Order. The Court may adjourn the Final Approval Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

5. **CAFA Notice**: Defendants shall no later than **August 28, 2017** serve upon the appropriate State and Federal officials a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715(b) *et seq.* ("CAFA"). Defendants shall bear the costs associated with serving CAFA notice, and those costs shall not be paid from the Settlement Fund. No later than **December 8, 2017**, Defendants shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding their compliance with CAFA § 1715(b).

6. **Retention of Claims Administrator and Manner of Giving Settlement Notice**: Class Counsel is hereby authorized to retain A.B. Data, Ltd. ("A.B. Data" or the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Final Approval Hearing shall be given by Class Counsel as follows:

(a) On or before **August 28, 2017** (the "Notice Date"), the Claims Administrator shall cause a copy of the Settlement Notice and the Claim Form, substantially in

the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by First-Class mail to all persons and entities who were previously mailed copies of the Notice of Pendency and any other potential Class Members who otherwise can be identified through reasonable effort;

(b)   contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Settlement Notice and Claim Form to be posted on the website developed in connection with the Notice of Pendency mailing, www.ocwensecuritieslitigation.com, from which copies of the Settlement Notice and Claim Form can be downloaded;

(c)   On or before **September 7, 2017**, the Claims Administrator shall cause the Summary Settlement Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(d)   On or before **December 15, 2017**, Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

7.   **Approval of Form and Content of Settlement Notice**: The Court (a) approves, as to form and content, the Settlement Notice, the Claim Form, and the Summary Settlement Notice annexed hereto as Exhibits 1, 2 and 3, respectively, and (b) finds that the mailing and distribution of the Settlement Notice and Claim Form and publishing of the Summary Settlement Notice substantially in the manner set forth in ¶ 6 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the following: the effect of the proposed Settlement (including the Releases to be provided thereunder), Class Counsel's motion for an award of

attorneys' fees and reimbursement of Litigation Expenses, including Class Representatives' request for reimbursement of costs and expenses in connection with their representation of the Class, their right to object to the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, and their right to appear at the Final Approval Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(a)(7), 15 U.S.C. §77z-1(a)(7), and all other applicable law and rules. The date and time of the Final Approval Hearing shall be included in the Settlement Notice and Summary Settlement Notice before they are mailed and published, respectively.

8. **Nominee Procedures**: In the previously disseminated Notice of Pendency, brokers and other nominees ("Nominees") were advised that, if, for the beneficial interest of any person or entity other than themselves, they purchased or otherwise acquired Ocwen common stock from May 2, 2013 through December 19, 2014, inclusive, they must either: (a) within seven (7) calendar days of receipt of the Notice of Pendency, request from A.B. Data sufficient copies of the Notice of Pendency to forward to all such beneficial owners and within seven (7) calendar days of receipt of the copies of the Notice of Pendency forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice of Pendency, provide a list of the names and addresses of all such beneficial owners to A.B. Data.

(a) For Nominees who chose the first option (*i.e.*, elected to mail the Notice of Pendency directly to beneficial owners), the Claims Administrator shall forward the same number of Notice Packets to such Nominees, and the Nominees shall, within seven (7) calendar days of receipt of the Notice Packets, mail the Notice Packets to their beneficial owners;

6

(b) For Nominees who chose the second option (*i.e.*, provided a list of names and addresses of beneficial owners to A.B. Data), the Claims Administrator shall promptly mail a copy of the Notice Packet to each of the beneficial owners whose names and addresses the Nominee previously supplied. Unless the Nominee purchased or acquired Ocwen common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to A.B. Data, or the Nominee is aware of name and address changes for these beneficial owners, such Nominees need not take any further action;

(c) For Nominees that purchased or acquired Ocwen common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to A.B. Data or if the Nominee is aware of name and address changes for beneficial owners whose names and addresses were previously provided to A.B. Data, such Nominees shall within seven (7) calendar days of receipt of the Notice Packet, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator, or shall request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners which the Nominee shall, within seven (7) calendar days of receipt of the Notice Packets from the Claims Administrator, mail to the beneficial owners; and

(d) Upon full compliance with this Order, Nominees who mail the Notice Packets to beneficial owners may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

9. **Participation in the Settlement**:  Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than **December 8, 2017**.  Notwithstanding the foregoing, Class Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.  Payment of late Claims may only be allowed by Order of the Court.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

10. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Class Counsel or the Claims Administrator; (c) if the person or entity executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Class Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

11. Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating

in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Settlement Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in ¶ 9 above.

12. **No Second Opportunity to Request Exclusion From the Class**:  In light of the extensive notice program undertaken in connection with class certification less than one year ago and the ample opportunity provided to Class Members to request exclusion from the Class at that time, the Court finds that it is unnecessary and would be inappropriate to afford Class Members a further opportunity to request exclusion.

13. Any person or entity who or which previously requested exclusion in connection with the Notice of Pendency, as set forth on Appendix 1 hereof, is not a member of the Class and shall not receive any payment from the Net Settlement Fund.

14. **Appearance and Objections at Final Approval Hearing**:  Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its choice, by filing with the Clerk of Court and delivering a notice of appearance to both Class Counsel and Defendants' Counsel, at the addresses set forth below, such that it is received no later than **December 1, 2017**, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Class Counsel.

15. Any Class Member who has not requested exclusion from the Class in connection with the Notice of Pendency may file a written objection to the proposed Settlement, the

proposed Plan of Allocation, and/or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, including Class Representatives' request for reimbursement of costs and expenses in connection with their representation of the Class, and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, including Class Representatives' request for reimbursement of costs and expenses in connection with their representation of the Class, should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, including Class Representatives' request for reimbursement of costs and expenses in connection with their representation of the Class, unless that person or entity has filed a written objection with the Court and served copies of such objection on Class Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than **December 1, 2017**.

| **Class Counsel** | **Defendants' Counsel** |
|---|---|
| KESSLER TOPAZ MELTZER & CHECK, LLP | KRAMER LEVIN NAFTALIS & FRANKEL LLP |
| Sharan Nirmul, Esq. | John P. Coffey, Esq. |
| Richard A. Russo, Jr., Esq. | Jonathan M. Wagner, Esq. |
| 280 King of Prussia Road | 1177 Avenue of the Americas |
| Radnor, Pennsylvania  19087 | New York, NY  10036 |

Class Counsel and Defendants' Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

16.   Any objections, filings, and other submissions by the objecting Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or

10

objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove the objecting Class Member's membership in the Class, including the number of shares of Ocwen common stock that the objecting Class Member purchased/acquired, and sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale. Objectors who enter an appearance and desire to present evidence at the Final Approval Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

17. Any Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, including Class Representatives' request for reimbursement of costs and expenses in connection with their representation of the Class, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and expenses in this or any other proceeding.

18. **Stay and Temporary Injunction**: The Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Class Representatives and all members of the Class from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

11

19. **Settlement Administration Fees and Expenses**: All reasonable costs incurred in notifying Class Members of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

20. **Settlement Fund**: The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21. **Taxes**: Class Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

22. **Termination of Settlement**: If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Class Representatives, the other Class Members and Defendants, the Settlement Fund, less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing, shall be refunded to Ocwen or such other persons or entities that Defendants' Counsel may direct in writing, as provided by the Stipulation, and the Parties shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on July 19, 2017, as provided in the Stipulation.

23. **Use of this Order**: Neither the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees of the truth of any fact alleged by Class Representatives or the validity of any claim that has been or could have been asserted in the Action or in any other litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiffs' Releasees as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Third Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releases, in any arbitration proceeding or other civil, criminal or

13

administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

*provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

24. **Supporting Papers**:  Class Counsel shall file and serve the opening papers in support of the Settlement, the Plan of Allocation, and Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, including Class Representatives' request for reimbursement of costs and expenses incurred in connection with their representation of the Class, no later than **November 17, 2017**; and reply papers, if any, shall be filed and served no later than **December 15, 2017**.

25. **Retention of Jurisdiction**:  The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

26. The Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case during the pendency of the settlement approval process.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of August, 2017.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

14

## **Appendix 1**

| # | |
|---|---|
| 1 | Cecile D. May<br>Naperville, IL |
| 2 | Graziano Pileri<br>Southampton, NJ |
| 3 | Anna M. Kren<br>Wallkill, NY |
| 4 | Vincent and Jacqueline Conlon<br>Spring Hill, FL |
| 5 | Nancy Yee-Xin Ruan<br>Honolulu, HI |
| 6 | Owl Creek I, LP<br>Representative Counsel, New York, NY |
| 7 | Owl Creek II, LP<br>Representative Counsel, New York, NY |
| 8 | Owl Creek Overseas Master Fund, Ltd.<br>Representative Counsel, New York, NY |
| 9 | Owl Creek SRI Master Fund, Ltd.<br>Representative Counsel, New York, NY |
| 10 | Jordan Neil Stambler<br>Boston, MA |
| 11 | Broadway Gate Master Funds, Ltd.<br>Representative Counsel: Roseland, NJ |
| 12 | Pennant Master Fund, LP<br>Representative Counsel: Roseland, NJ |
| 13 | Pennant Windward Master Fund, LP<br>Representative Counsel: Roseland, NJ |
| 14 | BH Investments Fund, LLC<br>Representative Counsel: Roseland, NJ |
| 15 | Brahman Partners II Offshore, Ltd.<br>Representative Counsel: Roseland, NJ |
| 16 | Brahman Institutional Partners, LP<br>Representative Counsel: Roseland, NJ |
| 17 | Brahman Partners II, LP<br>Representative Counsel: Roseland, NJ |
| 18 | Brahman Partners III, LP<br>Representative Counsel: Roseland, NJ |

| | |
|---|---|
| 19 | Brahman Partners IV, LP<br>Representative Counsel: Roseland, NJ |
| 20 | Brahman Partners IV (Cayman), Ltd.<br>Representative Counsel: Roseland, NJ |
| 21 | Brahman C.P.F. Partners, LP<br>Representative Counsel: Roseland, NJ |
| 22 | Brian Allen Hester<br>Allen, TX |
| 23 | Michael I. Schwartzman and Lynn Schwartzman<br>Lynn, MA |